IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES WILLIAM PARROTT,                           2:12-cv-00700-MA

        Petitioner,                          OPINION AND ORDER

  v.

MARK NOOTH,

        Respondent.

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 Southwest Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem Oregon 97301-4096

    Attorneys for Respondent.

MARSH, Judge

    Petitioner, an inmate at Two Rivers Correctional Institution,

brings this habeas corpus petition pursuant to 28 U.S.C. § 2254,

1 - OPINION AND ORDER

seeking relief on the grounds of ineffective assistance of trial and state post-conviction counsel, as well as actual innocence. For the reasons set forth below, the petition is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2006, petitioner shot and killed Debbie Chapman, a staff member at petitioner's retirement home, during a meeting between petitioner, another resident of the center, and three retirement center staff, including Ms. Chapman. Resp.'s Exh. 116 at 27-41. Petitioner had several grievances against Ms. Chapman, although the primary source of conflict was an apparent delay in moving petitioner to a different apartment for health reasons. Id. During the meeting, which petitioner attended only as a witness because it primarily concerned the other resident, petitioner became angry at one of Ms. Chapman's statements, and abruptly left. Id. Petitioner returned a few minutes later with a rifle and fired at Ms. Chapman, killing her. Id. Petitioner attempted to shoot the other retirement center staff in attendance, but they were able to flee without significant physical injury. Id.

Petitioner was indicted on one count of Murder and three counts of Attempted Murder on December 11, 2006. Resp.'s Exh. 102. On December 13, 2006, petitioner's trial counsel filed a Notice of Intent to Rely on the Affirmative Defense of Extreme Emotional Disturbance and a Notice of Intent to Rely on the Defense of Mental

2 - OPINION AND ORDER

Disease or Defect. Resp.'s Exhs. 117, 118. On March 7, 2007, however, petitioner pled guilty to the single count of Murder, and the three Attempted Murder charges were dismissed. Resp.'s Exh. 104 at 1.

At the change of plea hearing, petitioner informed the court that he was capable of reading, had read the plea petition, was thinking clearly, and that the change of plea was his idea. Id. at 3. Petitioner further represented that he had no questions for his lawyer, that he was satisfied with his lawyer's representation, and that he understood he was giving up the right to a trial and all other rights mentioned in the plea petition. Id. at 3-4. The first page of the plea petition, which petitioner initialed, included a provision which read "I understand that I also give up: (1) any defenses I may have to the charge(s)." Resp.'s Exh. 103 at 1. The trial court found the plea knowing, voluntary, and intelligent, and accordingly accepted petitioner's guilty plea. Resp.'s Exh. 104 at 5.

At the plea hearing, petitioner's counsel also explained that he had filed the notices of intent to rely on mental disease or defect and extreme emotional disturbance to preserve the issues, not because he had any reason to believe petitioner suffered from a mental disease or defect. Id. at 5-6. Petitioner's trial counsel explained that he had contacted a psychiatrist and psychologist, but because of the decision to plead guilty it was

3 - OPINION AND ORDER

not being pursued any further. Id. at 6. Additionally, petitioner's counsel reported that he explained to petitioner that pleading guilty would result in giving up the defenses, but that petitioner nonetheless decided to plead guilty. Id. When asked by the trial judge, petitioner said he agreed with his attorney's representations. Id. Sentencing was set for April 10, 2007. Id. at 7.

On April 9, 2007, petitioner moved to continue the sentencing hearing because he wanted to file a Motion to Withdraw Guilty Plea. Resp.'s Exh. 112. In the Motion to Withdraw Guilty Plea, petitioner's counsel informed the court that on April 9, 2007, petitioner advised counsel that petitioner thought he could withdraw his guilty plea at any time before the sentencing hearing. Resp.'s Exh. 119 at 3. Petitioner told counsel that he believed a "psychiatric evaluation may provide evidence that at the time of the act for which he is accused of Murder, he was under the influence of extreme emotional disturbance which would constitute a mitigating circumstance in this case." Id. In denying petitioner's motion, the trial judge noted, "I found on March 7th, that you were entering your plea voluntarily, intelligently, and knowingly, and Mr. Parrott, it's still my intent, my belief that, as of this date you were well aware of what you were doing, that you did it knowingly and voluntarily." Resp.'s Exh. 105 at 6. The judge proceeded to sentence petitioner to a life term of

4 - OPINION AND ORDER

imprisonment, with the possibility of parole after 25 years. Resp.'s Exh. 105 at 10.

Petitioner appealed his conviction to the Oregon Court of Appeals. Finding no "arguably meritorious" issue on appeal, petitioner's appellate counsel filed a brief pursuant to State v. Balfour, 311 Or. 434, 814 P.2d 1069 (1991). Resp.'s Exh. 106. Petitioner declined to submit a "Section B" portion of the brief wherein he could have raised any issue. Id. at 3. The Oregon Court of Appeals affirmed without opinion. State v. Parrott, 222 Or.App. 96, 193 P.3d 84 (2008). Petitioner did not petition for review by the Oregon Supreme Court.

On May 11, 2009, petitioner filed a petition for state post-conviction relief where he alleged five grounds for relief:

[1]  Trial counsel was ineffective in failing to assist Petitioner in obtaining a psychiatric evaluation. Trial counsel should have recognized Petitioner's mental defects.

[2]  Trial counsel was ineffective in advising Petitioner to remain silent when Petitioner wanted to address the court.

[3]  Trial counsel was ineffective in failing to fully investigate Petitioner's case.

[4]  Trial counsel was ineffective in failing to explain plea agreement to Petitioner. Petitioner believed he was signing a form for a mental evaluation.

[5]  Trial counsel was ineffective by incorrectly advising Petitioner that he could change his plea up until sentencing.

5 - OPINION AND ORDER

Resp.'s Exh. 108 at 3. The state post-conviction court denied relief on all grounds. Resp.'s Exhs. 123-25.

Petitioner appealed to the Oregon Court of Appeals, but counsel found no "nonfrivolous issue for appeal" and submitted a Balfour brief. In Section B of the brief, petitioner included five assignments of error:

> [1] My trial lawyer was ineffective/inadequate assistance of counsel because he failed to obtain hospital reports of my physical/mental state the day of the crime, arrest. My trail [sic] failed to get an expert witness to review the reports and to examine me for expert opinion, and witness in my defense.
>
> [2] And he failed to investigate 4-5 witnesses who lived at the home who I complained to about the alleged victim continuing sexual advances, pressuring me to engage in sex.
>
> [3] I believe with this information and expert witness in defense that my lawyer could have moved the court to reduce my charges of murder in the second degree in effective representation. Also relevant to mitigation/aggravating facts.
>
> [4] I never knew I was signing as to a plea petition, if I would have been properly informed and evaluated mentally things would have been different had counsel effectively done the above and explained as well what I was signing.
>
> [5] Petitioner contends that his trial counsel rendered ineffective assistance on the grounds that he failed to file a motion to dismiss the indictment, failed to make proper objections to evidence presented at trial and failed to properly examine the witness presented by the prosecution. Petitioner further asserts that defense counsel failed to investigate & present the defense diminished capacity & mental culpability. I thought I was signing a mental health release-not

> pleading. This resulted in a total breakdown a proper adversarial defense & understanding of procedure. The record is void of any investigative function. Attorney Tom Delarose spent 3 hours on my case and kept my money and valuables.

Resp.'s Exh. 126 (errors in original). The Court of Appeals affirmed without opinion. Resp.'s Exh. 130. After petitioner filed a petition for review by incorporating the same Section B brief filed to the Court of Appeals, the Oregon Supreme Court denied review. Resp.'s Exhs. 128, 130.

Petitioner subsequently filed the instant petition alleging five grounds of ineffective assistance of trial counsel, one ground claiming actual innocence, and two grounds of ineffective assistance of post-conviction counsel.[1]

The ineffective assistance of trial counsel grounds are Grounds One through Five. Petitioner alleges that trial counsel was ineffective by (1) failing to assist in obtaining a psychiatric evaluation; (2) advising him to remain silent when petitioner wanted to address the court; (3) failing to fully investigate petitioner's case; (4) failing to explain the plea petition to petitioner; and (5) incorrectly advising petitioner that he could change his plea up until sentencing.

In Ground Six, petitioner claims that he is entitled to relief based on actual innocence or miscarriage of justice because he was

---

[1] Although petitioner numbers them differently, I will refer to these grounds as Grounds One through Eight.

7 - OPINION AND ORDER

never evaluated for mental competence, trial counsel failed to have him psychologically examined, and, because of his alleged mental defect, he did not have the requisite mental state to be guilty of Murder. Grounds Seven and Eight allege that petitioner's post-conviction counsel's ineffective assistance entitles petitioner to habeas relief.

## DISCUSSION

### I. Cognizability - Grounds Seven and Eight

Grounds Seven and Eight allege that petitioner's post-conviction counsel was ineffective in the manner he investigated and litigated petitioner's claims that trial counsel was ineffective in failing to obtain a psychiatric evaluation and investigate petitioner's case. Ineffective assistance of post-conviction counsel is not a cognizable standalone ground for habeas corpus relief because there is no Sixth Amendment right to have the assistance of counsel in collateral proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1991); see also Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309, 1320 (2012). Accordingly, habeas relief is not warranted.[2]

---

[2] Martinez is not to the contrary. Martinez held that ineffective assistance of post-conviction counsel can constitute cause to excuse a procedural default of an ineffective assistance of trial claim where, under state law, such claims must be raised in a collateral proceeding. 132 S.Ct. at 1321. Here, neither of the ineffective assistance claims petitioner alleges post-conviction counsel ineffectively litigated are procedurally defaulted. Rather, petitioner raises ineffective assistance of

## II. Procedural Default - Grounds Two and Five

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Jackson v. Roe, 425 F.3d 654, 657-58 (9th Cir. 2005); 28 U.S.C. § 2254(b)(1). "'Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial post-conviction process available in the state.'" Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, Federal Habeas Corpus Practice and Procedure, § 23.3b (4th ed. 1998)); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (exhaustion satisfied if petitioner invokes *one complete round* of the state's established appellate review process).

In Grounds Two and Five, petitioner argues trial counsel was ineffective for advising him to remain silent when petitioner wanted to address the court, and incorrectly advising him that he could change his plea up until sentencing. Although petitioner raised Grounds Two and Five in his formal petition for post-conviction relief, he failed to raise them in his appeal to the Oregon Court of Appeals and in his petition for review to the

---

post-conviction counsel as a freestanding basis of habeas relief. Such claims remain foreclosed by Coleman.

9 - OPINION AND ORDER

Oregon Supreme Court. <u>Compare</u> Resp.'s Exh. 108 at 3, <u>with</u> Resp.'s Exh. 126 § B, at 1-2, <u>and</u> Resp.'s Exh. 128. Accordingly, Grounds Two and Five are procedurally defaulted. Petitioner has not demonstrated cause and prejudice as to these grounds, and, as set forth below, has made no showing that a miscarriage of justice will result from the procedural bar. Habeas relief is inappropriate on Grounds Two and Five.

### III. **Ground Six**

Petitioner makes a claim of actual innocence on the basis that he was never evaluated for mental competence, was not competent to enter a knowing, voluntary, and intelligent guilty plea, and could not have the requisite mental state to commit Murder.

The Supreme Court has never expressly recognized a freestanding claim of actual innocence as cognizable in habeas proceedings. <u>See</u> <u>House v. Bell</u>, 547 U.S. 554 (2006). Even if such a freestanding habeas claim is cognizable, petitioner has failed to meet the "extraordinarily high" showing of actual innocence necessary. <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 417 (1993). As the state post-conviction court found, petitioner has submitted no evidence - newly discovered, or otherwise - that he could have established any defense based on his mental state at the time of the crime. <u>See</u> Resp.'s Exhs. 123, 124.

To the extent this ground could be construed as a challenge to the state trial court's finding that petitioner's plea was knowing,

10 - OPINION AND ORDER

voluntary, and intelligent, the ground is procedurally defaulted. Petitioner did not raise that issue in the state post-conviction proceeding. See Casey, 386 F.3d at 916. Finally, to the extent petitioner complains of ineffective assistance of trial counsel, this ground is duplicitous of Ground One, discussed below. For all of these reasons, habeas relief is inappropriate on Ground Six.

## IV. The Merits - Grounds One, Three, and Four

A federal court may not grant habeas corpus relief unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1), (2); Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 785-86 (2011). Factual findings of the state courts are presumed to be correct, and this presumption must be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In Strickland v. Washington, the Supreme Court established a two-part test to determine whether a defendant has received constitutionally deficient counsel. 466 U.S. 668, 687 (1984). Under this test, petitioner must not only prove that counsel was deficient, but also that the deficient performance prejudiced petitioner's defense. Williams v. Taylor, 529 U.S. 362, 390 (2000); Strickland, 466 U.S. at 687.

11 - OPINION AND ORDER

To prove deficiency of performance, petitioner "'must show that counsel's representation fell below an objective standard of reasonableness.'" Williams, 529 U.S. at 390-91 (quoting Strickland, 466 U.S. at 688). "To establish prejudice [petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 391 (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Strickland standard applies to ineffective assistance of counsel claims in the plea context. Hill v. Lockhart, 474 U.S. 52, 56 (1985). The Supreme Court has noted that because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks . . . strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." Premo v. Moore, ___ U.S. ___, 131 S.Ct. 733, 741 (2011). Accordingly, "habeas courts must respect their limited role in determining whether there was a manifest deficiency in light of information available to counsel." Id. To demonstrate prejudice in the guilty plea context, petitioner must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not

12 - OPINION AND ORDER

have pleaded guilty and would have insisted on going to trial.'" Premo, 131 S.Ct. at 743 (quoting Hill, 474 U.S. at 59).

### A.   Ground One

In Ground One petitioner claims that trial counsel was ineffective in failing to assist petitioner in obtaining a psychiatric evaluation. Petitioner argues that the facts of the murder provided enough evidence that defendant was mentally impaired to require trial counsel to have petitioner evaluated before entering into any plea.

In an affidavit submitted to the state post-conviction court, petitioner's trial counsel stated that he had no reason to believe petitioner suffered from a mental disease or defect. Resp.'s Exh. 115. Petitioner's trial counsel stated that from his observations of petitioner and his experience dealing with mentally ill clients, petitioner did not appear to be suffering from any mental illness. Id. at 1-2. Trial counsel explained that he contacted a psychiatrist and psychologist, but did not request an examination because petitioner decided to accept the plea offer knowing that pleading guilty meant he could not pursue the defenses. Id. at 2. Additionally, trial counsel attested that the investigator he hired did not find any evidence indicating petitioner suffered from extreme emotional disturbance or mental illness. Id.

The state post-conviction court found that trial counsel's performance was not deficient and, in any case, that petitioner did

not suffer prejudice. The post-conviction court found that petitioner did not offer any proof that he suffered from a mental disease or defect at the time of his guilty plea or at the time the crime was committed, and that trial counsel found no evidence during his investigation that indicated petitioner suffered extreme emotional disturbance. Resp.'s Exh. 124 at 2. Moreover, the state court found petitioner's trial counsel credible and noted that at the change of plea hearing petitioner agreed with his counsel's assessment that pleading guilty would mean that petitioner could not pursue a defense of mental disease or defect, or extreme emotional disturbance. Id.

Accordingly, the post-conviction court concluded that petitioner had failed to carry his burden that trial counsel was ineffective in failing to assist him in obtaining a psychiatric evaluation. Id. at 4; Resp.'s Exh. 123 at 1. In addition, the post-conviction court found that plaintiff did not establish prejudice because he failed to submit any evidence that he suffered from a mental disease or defect, or extreme emotional disturbance. Resp.'s Exh. 124 at 3-4.

Petitioner argues that the nature of the crime, petitioner's lack of criminal history involving violence, and trial counsel's initial filing of notices to rely on the mental illness defenses establishes that the state post-conviction court clearly erred in finding that trial counsel had no reason to believe petitioner

14 - OPINION AND ORDER

suffered from extreme emotional disturbance. This argument is unavailing.

Petitioner submitted no evidence, either to the state post-conviction court or this court, of any mental illness at the time of the crime or plea. The absence of any evidence that petitioner was mentally ill at the time of the crime warrants deference to the state post-conviction court's conclusion that trial counsel had no reason to believe petitioner was mentally ill.[3] See Wilson v. Henry, 185 F.3d 986, 990 (9th Cir. 1999) ("A decision not to pursue testimony by a psychiatric expert, when no mental state defense seems likely, is not unreasonable under Strickland."). In addition, in the absence of any evidence that an examination would have revealed a mental condition that could have provided an arguable basis for a defense, petitioner cannot establish that "'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Premo, 131 S.Ct. at 643 (quoting Hill, 474 U.S. at 59).

In sum, petitioner has not demonstrated that trial counsel's performance was deficient, or that he suffered prejudice as a result of the failure to obtain a psychiatric evaluation. The

---

[3] Trial counsel's filing of the notices of intent to rely on the defenses of extreme emotional disturbance and mental disease or defect does not suggest otherwise in light of his explanation at the change of plea hearing. Additionally, neither the mere nature of the crime, nor petitioner's criminal history make the state post-conviction court's finding unreasonable.

15 - OPINION AND ORDER

state post-conviction court's denial of habeas relief on this ground was neither contrary to, nor an unreasonable application of, clearly established federal law.

B. **Ground Three**

In Ground Three, petitioner argues that trial counsel was ineffective in failing to fully investigate petitioner's case. To the extent this ground relates to trial counsel's failure to obtain a psychiatric evaluation, it is duplicitous of Ground One. To the extent it relates to the failure to "investigate 4-5 witnesses," as petitioner alleged in his post-conviction appellate brief, the post-conviction court's finding that trial counsel competently investigated the case is entitled to deference, and petitioner has failed to demonstrate how he was prejudiced by the failure to investigate these unnamed witnesses. See Bragg v. Galaza, 242 F.3d 1082, 1088 (9th Cir.), amended on denial of reh'g, 253 F.3d 1150 (9th Cir. 2001). Habeas relief is not appropriate on Ground Three.

C. **Ground Four**

In Ground Four, petitioner argues that trial counsel was ineffective in failing to explain the plea petition, and that petitioner believed the plea petition was a consent form for a mental evaluation. The state post-conviction court found that trial counsel fully explained the plea petition to petitioner, and that petitioner understood that he was pleading guilty. Resp.'s Exh. 124 at 3.

16 - OPINION AND ORDER

The state post-conviction court's finding is entitled to deference. At the plea hearing, the trial court explained that the plea petition was for the purpose of entering a plea of guilty to the Murder charge. Resp.'s Exh. 103, at 2-3. Petitioner represented that he could read, had a tenth grade education, had read the plea petition, and that it was his choice to plead guilty. Id. at 3. Petitioner also acknowledged that he was giving up the rights associated with trial and that he was satisfied with the representation of counsel. Id. at 3-4. In his affidavit, trial counsel averred that he fully explained the plea petition and answered any questions petitioner had. Resp.'s Exh. 115 at 2. Petitioner offers nothing to rebut these findings. Because petitioner has failed to demonstrate that trial counsel was deficient in this respect, the post-conviction court's denial of habeas relief on this ground was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, habeas relief is inappropriate on Ground Four.

///
///
///
///
///
///
///

17 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus (#3) is DENIED. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 26 day of March, 2013.

*/s/ Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge